UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00715-H

ESTATE OF WALLACE LETHGO, SR.                                          PLAINTIFF

v.

CHRISTOPHER EAST HEALTH CARE
CENTER OF LOUISVILLE KY, LLC
d/b/a HEARTLAND OF LOUISVILLE
f/k/a CHRISTOPHER EAST
HEALTH CARE CENTER                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the Estate of Wallace Lethgo, Sr., by Executor, Wallace Lethgo, Jr., has moved for leave to file an amended complaint. He filed his original complaint on June 24, 2013, alleging Defendant, Christopher East Health Care Center of Louisville ("Defendant"), was negligent in connection with the care of Wallace Lethgo, Sr. ("Lethgo Sr.").

The amended complaint asserts a new cause of action alleging violations of general statutory duties contained in KRS 216.515(18 and 19), and the more specific duty that Defendant failed to notify Plaintiff of Lethgo Sr.'s accident or sudden injury contained in KRS 216.515(22). Plaintiff says that the amendment would relate back to the original complaint under Rule 15(c), Federal Rules of Civil Procedure. Defendant argues that Kentucky's one year statute of limitations in KRS 413.140(1)(a) bars this new claim and, therefore, the amendment is both futile and prejudicial.

The circumstances here are that (1) Lethgo Sr. fractured his leg on June 28, 2012, and died on July 29, 2012, (2) Lethgo Jr. became the legal representative of the estate on August 14 of the same year, (3) the relevant statute of limitations expired August 14, 2013; and (4) Plaintiff

filed this lawsuit June 24, 2013, and moved to amend on May 15, 2014. Plaintiff said that he did not learn of the alleged failure to notify him of the fractured leg until a deposition in early 2014, well after the statute of limitations had expired.

Rule 15(c)(1)(B) states that an amendment to a pleading relates back to the date of the original pleading when:

> the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."

Therefore, the initial question for this Court is whether the new claim arises from the same conduct and occurrences described in the original complaint.

Plaintiff's new claims do appear to arise from the very same facts and circumstances that support his negligence claim. The factual and legal issues in the amended complaint are almost entirely the same as those in the original complaint, particularly those which rely upon the more general duties set forth in KRS 216.515 (18 and 19). The amended complaint does add a new fact to support a claim under KRS 216.515(22), but this does not change the basic scope of the lawsuit. The Court concludes that the amendment does assert claims that arose from the conduct, transaction, or occurrences set out in the original complaint.

Next, the Court must consider whether allowing the amendment is prejudicial to Defendant. The new claim does not add significantly to the complexity of the case, nor does the addition of these issues prejudice Defendant in any unfair way. The amendment is proposed less than a year after the original complaint and prior to the setting of a trial date. The main focus of the case will likely remain on the negligence claim.

It can be a close question whether an amendment relates back where it alleges new facts

and a new cause of action.  Here, however, those new allegations do not change the basic nature of the lawsuit.  A number of Sixth Circuit cases and an older district court case are good examples of this view.  *See Hall v. Spencer County, Ky*, 583 F.3d 930, 934 (6th Cir. 2009) (holding that a party may add a new legal theory so long as it arises from the same occurrence); *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248-49 (6th Cir. 2000) (an amendment alleging new facts leading up to the same injury may relate back); *also see Barcume v. City of Flint*, 819 F.Supp. 631, 637-38) (E.D. Mich. 1993).  Therefore, the Court concludes that the amendment does relate back and the statute of limitations is not a bar to it.  For these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint is SUSTAINED and the amended complaint is ORDERED FILED.

cc: Counsel of Record